# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DORMAN ANGEL, et al.,** | :: | **CASE NO. C-1-01 467** |
| **Plaintiffs** | :: | **JUDGE:  BECKWITH** |
| | | **MAGISTRATE JUDGE: BLACK** |
| **vs.** | :: | |
| **UNITED PAPERWORKERS** | :: | **ORAL ARGUMENT REQUESTED** |
| **INTERNATIONAL UNION** | | |
| **(PACE) LOCAL 1967, et al.** | | |
| | :: | |
| **Defendants** | | |

: : : :: : : :

## MOTION FOR SUMMARY JUDGMENT
## BY DEFENDANT PACE

Defendant, Paper, Allied Industrial, Chemical & Energy Workers Union, AFL-

CIO, ( PACE ) moves for summary judgment in its favor in this matter, on the ground that there are no

genuine issues of material fact and it is entitled to judgment as a matter of law.[1]

---

[1]  The documents relied upon herein are the Second Amended Complaint of January 9, 2002 (Document #34), PACE s Answer of March, 20, 2003 (Document #63), Amended Order of March 27, 2003 (Document #67), the Declaration of Ken Stanifer, filed herewith, the two depositions of Tim Bray, the deposition of Tom Stewart, the deposition of Gerald Johnston, and the deposition of Kenneth Stanifer.  The depositions of all plaintiffs who have submitted to deposition are also being filed.

Respectfully submitted,


s/James B. Robinson

**JAMES B. ROBINSON    (0023483)**
**KIRCHER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio   45202**
**Phone:        513-381-3525**
**Fax:          513-381-5665**



## MEMORANDUM IN SUPPORT OF MOTION

### I.     STATEMENT OF THE CASE

#### A.     Procedural Posture

On March 27, 2003, the Court dismissed all claims against PACE except those contained in

Count 1 of the Complaint, purporting to state a Section 301 contract claim against the International

Union for a constitutional violation amounting to a contract violation under 29 U. S. C. § 185, LMRA

Section 301.  The claims of the new Plaintiffs were dismissed as being outside the six-month statute of

limitations.  For the reasons stated below, it is clear that the actions of the International Union do not

amount to a cognizable violation of either the constitution or of any contract, and that the International

Union is entitled to summary judgment in this matter**.**

B.      Facts

While the Union and Champion Paper had an agreement that people who were displaced as a result of a mill reconfiguration agreement were entitled to severance pay in specified amounts, it is clear that that agreement for severance pay was inoperative after that and that there was an entirely new situation in 2001, years after the reconfiguration was done and after Champion had sold the mill to International Paper.   International Paper sold the mill to Smart Paper, and was about to discontinue operations.  International Paper had no legal or contractual obligation to pay anything to the people who were losing their employment.  Smart Paper had no legal obligation to assume the contract, or even to bargain with the Union unless and until it hired a majority of workers from the old work force. In these circumstances, the Union agreed to severance pay for the people who did not get a job with the new employer, and to settlement of pending grievances with the old employer.[2]

Of the 75 Plaintiffs remaining in the case, most got employment with Smart Paper, and are complaining that they did not get severance pay.  A few did not get employment with Smart Paper and did get severance pay.  Virtually all are complaining that the Unions could, as a strategic matter, have done better for them.  Most are saying that a vote on the effects bargaining agreement might have resulted in a rejection which might have enabled the Union to get something more for them in negotiations. Against that is the Union officials  judgment, based on long experience in the industry, that delay would have resulted in a shutdown with no benefits for anyone.[3]

_____

[2]  Stanifer Declaration.

[3]  Plaintiff depositions; Stanifer Declaration.

## II.    ARGUMENT

### A.    There was No Contract Violation Under § 301

#### 1.    There is no allegation of a contract violation

Section 301 jurisdiction depends upon the existence of a contract violation.  While in some cases it has been determined that an International Constitution gives members the right to bring a contract suit   see <u>Wooddell v. IBEW Local 71</u>, 502 U.S. 93 (1991), involving a claim against a local union   there is no ground for a contract case against the International Union here.  There is nothing affording local union members any additional rights against the International Union as a result of anything that could be construed to be a contract between the local and the international  and there is therefore no federal jurisdiction in the case.

#### 2.    There was in any case no violation of the Constitution

##### a.    There was no violation of the Constitution under a <u>de</u> <u>novo</u> standard.

There was in any case no violation of the Constitution.  The Constitution provides:



**ARTICLE XVI**
**COLLECTIVE BARGAINING AGREEMENTS**

Section 1.   A collective bargaining agreement must be ratified and approved by a majority of the members covered by said agreement present and voting on the question by secret ballot before the same shall be executed on behalf of the Union; except in the case of multi-plant or multi-employer agreements, where the Local Union has authorized designated delegates to ratify a collective bargaining agreement, in which case the agreement shall be executed upon the ratification of the agreement by a majority of the delegates of all represented Local Unions present and voting by secret ballot.

For former UPIU Local Unions, should a vote for ratification of a contract fail to yield a majority vote as required for acceptance by this Constitution, and then fail to yield the two-thirds (2/3) majority vote necessary for strike sanction, the Local or multiple so affected shall be considered to have accepted the labor agreement.

Section 2.   The application and termination of collective bargaining agreements of the merged Union shall be administered according to the past practice of the respective Unions and/or pursuant to individual contract provisions; however, negotiations for collective bargaining agreements shall be subject to supervision by, and their terms and conditions subject to the approval of, the International President.

Section 3.   The International Union or Local Union, as the case may be, acting as the executive collective bargaining representative of the members, is irrevocably authorized and empowered by each member to present, negotiate and settle any and all grievances, complaints, and disputes arising out of the relationship between the member and his or her employer.  The provisions of this Constitution relating to the exhaustion of internal Union remedies shall be fully applicable to matters covered by this Section.

. . . .

_____The facts in this case were that the Union came to an agreement with the departing employer, resolving all issues with the departing employer.  That clearly came within the International Union authority under Article XVI § 3 of the Constitution.   The International Vice President said that although there could be a vote, the International should sign the agreement in any case anyway.  This was done mostly to resolve grievances under the old agreement, but with the additional goal of getting some severance pay for people who would be unemployed.  That came within the authority of the International under Article XVI §§ 1 and 3 of the Constitution; and it was done so that members could

get some benefits.  It was not done as a new collective bargaining agreement or an amendment to a collective bargaining agreement, because it did not involve ongoing terms and conditions of employment; it was not made with an employer with whom the Union had a collective bargaining relationship to bargain on ongoing wages and benefits; and it did not detract from any rights that employees had under the existing collective bargaining agreement.

                                _____**b.**     **The Union s interpretation of the Constitution is entitled to deference which precludes recovery in this case.**

As the Court has noted, a Union s reasonable interpretation of its own Constitution is to be given deference.  Here the interpretation was in the context of an ending collective bargaining relationship in which the Union had none of the economic leverage associated with an ongoing relationship.  In fact, the Union s authority was limited to the resolution of past grievances for which the Employer had responsibility, and did not extend into a future period when the Employer no longer employed the employees.  Any additional amounts that the Union could get were essentially gratuities on the part of the old Employer, which it could not have been gotten after the old Employer left the scene.

**B.    Even If There Was a Contract Violation, Plaintiffs Cannot Show That They Were Damaged, And Are Therefore Not Entitled to Any Recovery**

In Higgins, et al. v. International Union, Security, Police, Fire Professionals of America (SPFPA), et al., 2005 U.S. App. LEXIS 1800; 2005 FED App. 0050P (6th Cir.) (February 5, 2005) the Court of Appeals ruled that the Union did not engage in any legal violation by failure to hold a membership vote; but that in any case there was no substantive evidence that the employees were adversely impacted by the signing of the agreement. This is in accord with established authority teaching that no damages are recoverable unless there has been an actual showing of some damage. In ALPA v. O Neill, 499 U.S. 65 (1991), the Supreme Court noted the wide latitude that negotiators need for the effective performance of their bargaining responsibilities (id at 78) and that the settlement reached was probably more advantageous for members than the alternative would have been (id at 79). While the case involved the duty of fair representation rather than a contract issue, the principle remains the same: damages are not recoverable if there is no showing of damages.

Damages, although they need not be computed precisely, must be for actual and not merely speculative consequences. Sure-Tan, Inc. v. NLRB, 467 U.S. 883 (1984) There must be enough for a Court to arrive at an intelligent estimate without conjecture. Wilhelm v. Kentucky State District Council of Carpenters, 293 F.3d 935 (2002).

In this case there is no reasonable room for even conjecture that the Plaintiffs would be better off if the Union had not made the deal that it made. In fact, the Union s action was consistent with the Constitution, consistent with its own reasonable interpretation of the Constitution, and in the best interest of all its members including the seventy-five who are now seeking to extract something further

from the Union.

III.     **CONCLUSION**

For the foregoing reasons, Defendant PACE respectfully urges that summary judgment be granted in its favor.

Respectfully submitted,


s/James B. Robinson
**JAMES B. ROBINSON     (0023483)**
**CORKER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio  45202**
**Phone:        513-381-3525**
**Fax:        513-381-5665**


**REQUEST FOR ORAL ARGUMENT**

Defendant PACE requests oral argument on this motion.


s/James B. Robinson
**JAMES B. ROBINSON     (0023483)**
**CORKER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio  45202**
**Phone:        513-381-3525**
**Fax:        513-381-5665**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2005, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark J. Byrne, Esq.
Jacobs, Kleinman, Seibel & McNally
Attorney for Plaintiffs
2300 Kroger Building
1014 Vine Street
Cincinnati, Ohio   45202


C. J. Schmidt, Esq.
Harold G. Korbee, Esq.
Wood & Lamping, LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202

Michael A. Roberts, Esq.
Graydon, Head & Ritchey
Attorney for Defendant
  International Paper Company
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio   45202

Vincent J. Miraglia, Esq.
International Paper Company
Legal Department
6400 Poplar Avenue
Memphis, TN   38197

Robert J. Hollingsworth, Esq.
Cors & Bassett
Attorney for Defendant Smart Papers, LLC
537 E. Peter Rose Way, Suite 400
Cincinnati, Ohio   45202

Stanley F. Lechner, Esq.
Laine S. Posel, Esq.
Morgan, Lewis & Bockius
Attorney for Defendant
 Smart Papers, LLC
1111 Pennsylvania Avenue, N.W.
Washington, D.C.   20004

I also certify that I have mailed by United States Postal Service the document to the following non-

CM/EC. participants:

Ronald Morgan, Esq.
Morgan & Associates
118 South Second Street
Hamilton, Ohio   45011

Robert I.. Doggett
Attorney for Defendant
 PACE Local 5-1967
6740 Clough Pike, Room 200
Cincinnati, Ohio   45244

and

W. Carter Younger, Esq.
McGuire Woods LLP
Attorney for Defendant
 International Paper Company
Washington Square
1050 Connecticut Avenue, N.W., Suite 1200
Washington, DC   20036-5317

s/James B. Robinson
**JAMES B. ROBINSON**

-10-