UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DORMAN ANGEL, et al. | : CIVIL ACTION NO. C-1-01-467 |
| Plaintiffs | : JUDGE: **SANDRA S. BECKWITH** |
| vs. | : |
| UNITED PAPERWORKERS INTERNATIONAL UNION (PACE) LOCAL 1967, et al. | : **PLAINTIFF JIMMY TAYLOR'S RESPONSES TO DEFENDANT SMART PAPERS' FIRST REQUEST FOR ADMISSIONS** |
| Defendants | : |

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Jimmy Taylor hereby propounds the following responses to Defendant Smart Papers' requests for admissions.

### REQUEST FOR ADMISSIONS

1. Admit that you were employed by International Paper at the Hamilton B-Street Mill before February 9, 2001.

**RESPONSE:** Admit.

2. Admit that during your employment with International Paper, you were subject to a collective bargaining agreement between International Paper and PACE Local 1967.

**RESPONSE:** Admit.

3. Admit that, during January 2001, you learned by International Paper had entered into an agreement with Smart Papers to sell the Hamilton B Street Mill to Smart Papers.

**RESPONSE:** Admit.

4. Admit that, during January 2001, an Effects Bargaining Package or EBP was

negotiated between International Paper, PACE International, and PACE Local to govern the effects of the sale of the Hamilton B-Street Mill on PACE members employed at International Paper.

**RESPONSE:** Admit.

5. Admit that the EBP sets forth the conditions upon which former International Paper employees would or would not receive severance benefits from International Paper.

**RESPONSE:** Admit.

6. Admit that the EBP between International Paper, PACE International, PACE Local 1967 went into effect on or about January 31, 2001.

**RESPONSE:** Admit.

7. Admit that the EBP does not provide any provisions for severance benefits from Smart Papers.

**RESPONSE:** Admit.

8. Admit that Smart Papers was not a signatory to the EBP.

**RESPONSE:** Admit.

9. Admit that on or about February 9, 2001, the Hamilton B-Street Mill was sold to Smart Papers by International Paper.

**RESPONSE:** Admit.

10. Admit that, when you were employed by International Paper, your primary duties involved working as a mobile equipment operator.

**RESPONSE:** Admit that his primary duties involved working as a mobile equipment mechanic.

2

11.  Admit that, prior to February 9, 2001, you were not an employee of Smart Papers.

**RESPONSE**: Admit.

12.  Admit that you completed an application for employment to Smart Papers in order to become an employee of Smart Papers following Smart Papers' acquisition of the Hamilton B Street Mill.

**RESPONSE**: Admit.

13.  Admit that Smart Papers offered you a position of employment in February 2001.

**RESPONSE**: Admit.

14.  Admit that, when Smart Papers took over the Hamilton B Street Mill, it eliminated the position of mobile equipment operator.

**RESPONSE**: Admit that it eliminated the position of mobile employment mechanic.

15.  Admit that you discussed with representatives of Smart Papers the fact that your position had been eliminated by Smart Papers.

**RESPONSE**: Admit.

16.  Admit that no other employees were hired by Smart Papers to perform the mobile equipment operator job you performed while employed at International Paper, and that Smart Papers contracted out that work.

**RESPONSE**: Admit.

17.  Admit that Smart Papers offered you employment in a Department Relief position.

**RESPONSE**: Admit.

18.  Admit that you declined to accept Smart Paper's offer of employment.

<u>RESPONSE</u>: Deny. I accepted and they offered severance.

19. Admit that you requested that Smart Papers rescind or otherwise terminate its offer of employment to you, in order to make you eligible for severance from IP.

<u>RESPONSE</u>: Admit.

20. Admit that Smart Papers in fact rescinded its offer of employment to you shortly after February 9, 2004.

<u>RESPONSE</u>: Admit.

21. Admit that you received severance benefits under the EBP from International Paper after Smart Papers acquired the Hamilton Street Mill.

<u>RESPONSE</u>: Admit.

RESPECTFULLY SUBMITTED,

*[signature]*
MARK J. BYRNE - #0029243
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Trial Attorneys for Plaintiffs
2300 Kroger Building
1014 Vine Street
Cincinnati, OH 45202
Tele: (513) 381-6600
Fax: (513) 381-4150
E-mail: mbyrne@jksmlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to the following by ordinary U.S. Mail, this 28th day of February, 2005.

Grant S. Cowan, Esquire
Frost Brown Todd LLC
Attorney for Defendant
  International Paper Company
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
gcowan@fbtlaw.com

Vincent J. Miraglia, Esquire
International Paper Company
Legal Department
6400 Poplar Avenue
Memphis, TN 38197
vincent.miraglia@ipaper.com

W. Carter Younger, Esquire
McGuire Woods LLP
Attorney for Defendant
  International Paper Company
One James Center
901 E. Cary Street
Richmond, VA 23219
cyounger@mcguirewoods.com

James B. Robinson, Esquire
Kircher, Robinson & Welch
Attorney for Defendant
  PACE International Union
2520 Kroger Building
1014 Vine Street
Cincinnati, OH 45202
kircher@fuse.net

Robert J. Hollingsworth, Esquire
Cors & Bassett
Attorney for Defendant Smart Papers, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, OH 45202
rjh@corsbassett.com

Stanley F. Lechner, Esquire
Laine S. Posel, Esquire
Morgan, Lewis & Bockius
Attorney for Defendant
   Smart Papers, LLC
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
slechner@morganlewis.com
lposel@morganlewis.com

Robert I. Doggett, Esquire
Attorney for Defendant
   PACE Local 5-1967
6740 Clough Pike, Room 200
Cincinnati, OH 45244
rdoggett@sprynet.com

ICharles P. Groppe, Esquire
Morgan, Lewis & Bockius
Attorney for Defendant
   Smart Papers LLC
1111 Pennsylvania Avenue, NW
Washington, DC 20004


_____
MARK J. BYRNE - #0029243
Attorney for Plaintiffs