UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DORMAN ANGEL, <u>et</u> <u>al</u>., | :: | CASE NO. C-1-01 467 |
| **Plaintiffs** | :: | JUDGE:   BECKWITH |
| | | MAGISTRATE JUDGE: BLACK |
| **vs.** | :: | |
| UNITED PAPERWORKERS | :: | (ORAL ARGUMENT REQUESTED) |
| INTERNATIONAL UNION | | |
| (PACE) LOCAL 1967, <u>et</u> <u>al</u>. | | |
| | :: | |
| **Defendants** | | |

: : : :: : : :

**REPLY BY DEFENDANT PACE**
**INTERNATIONAL UNION IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

_____Much of Plaintiffs  brief amounts to an argument on the duty of fair representation,

despite the

Court s prior ruling that there are no viable fair-representation claims in the case.  The rest

amounts to an attempt to transmute fair-representation claims into contract claims by argument

that the International Union violated its Constitution, and thus violated the contract made

between it and the Local for the benefit of local members as third-party beneficiaries, and caused

harm to those beneficiaries.  The arguments are not sound.

Plaintiffs contend (Brief, p. 18) that the Union leaders  received an offer for severance on

behalf of all employees for 40 hours at an employee s regular rate of pay multiplied by the years

of service .  This assertion is made entirely from thin air and is completely contrary to all the

evidence in the record.  Stanifer in his Affidavit said that agreement on the effects bargaining

-1-

package was in his opinion necessary to get some benefits for the people who would be jobless. In his deposition, Stanifer testified that the Union started the discussion with a list of priorities and that the Company eventually made an offer that was agreed to (Stanifer deposition, pp. 58-65, Appendix A).  The Company s position from the outset was that people who would have continued employment at the mill would not get any severance (Stanifer deposition, pp. 91-93, Appendix B; Bray deposition of 11/29/04, pp. 55, 96, 129-130, 156, Appendix C; deposition of Tom Stewart, Company negotiator, pp. 41, 48, 61-62, Appendix D).  The supposed damages remain entirely speculative.  The Plaintiffs in their depositions suggest only that they think the Union could possibly have done better for them in negotiations, not that there was some offer for them that the Union mindlessly forewent.[1]

Plaintiffs also contend that although they  realize that the EBP itself cannot be questioned , the consequences of the Union s actions are subject to attack.

Plaintiffs also suggest that the Union negotiated away any benefits they might have had under the WARN Act.  The WARN Act until this point has not been part of the Plaintiffs  claims against the Union, for good reason.  The Union could not, even if it wished to, have negotiated away the Plaintiffs  rights under the WARN Act.  In any case, the vast majority of Plaintiffs got employment at the same facility with the new employer, and would thus not have had any claim for damage under the WARN Act.  The few who did not get employment did get severance pay and would not have been entitled to anything further under the WARN Act.  Similarly, the Union

---

[1] See eg. Boggs deposition, pp. 22-23, Appendix E; Brown deposition, pp. 9-10, Appendix F; Cecere deposition, pp. 10-11, Appendix G; Chestnut deposition, p. 9, Appendix H; Chitwood deposition, p. 11, Appendix I; Day deposition, pp. 12-13, Appendix J; Williamson deposition, pp. 28-29, Appendix K.

had no authority to, and in fact did not, bargain away any vested ERISA rights that the Plaintiffs might have had.  Any ERISA claims they might have had for severance    and the Union believes there were none    remain intact, and were not affected by any action on the part of the Union.

It is well settled that an international union s interpretation of its own Constitution is entitled to considerable deference from the federal courts (Sergeant v. Inlandboatmen s Union of the Pacific, 346 F.3d 1196 (8th Cir. 2003)).  In the instant case, it is clear that international union officials considered a   collective bargaining agreement , on which members would vote, to be an ongoing agreement for the future terms and conditions of employment of the people who would be affected and would be voting.  It assumes that they would have the right to strike and thus exert economic pressure.  Even in that case, the Constitution explicitly allows the international to sign an agreement if it appears that there can be no effective strike.  In the instant case, with an employer selling a plant and with a no-strike clause that remained in effect for the remaining term of the agreement, there was absolutely no chance of economic pressure being applied to the old employer in time to be of any benefit to any members whatsoever.  In that case the broad constitutional provision authorizing the International to reach agreement with the Employer including agreements on resolution of pending grievances, which  were the only things that the Union had any leverage on   was pretty clearly applicable.  In any case, it cannot be said that the Union s interpretation of its own Constitution, which provided some represented employees with something rather than providing no employees with anything, was irrational.  It was rational, and is entitled to deference.

Plaintiffs  basic claims remain that they are entitled to damages from the International as third- party beneficiaries of a contract between the International and the Local that was made for their benefit.  Simultaneously they are making a similar claim against the Local.  It does not work both ways.  In <u>Wooddell v. IBEW, Local 71</u>, 502 U.S. 93 (1991) the Plaintiffs were suing only a local union for a supposed violation of a third-party beneficiary contract.  Plaintiffs have cited no cases where the promisor and promisee are in agreement   as they are here   that there was no violation of the agreement that they made between themselves.  In such a circumstance, while the third parties may consider themselves to be beneficiaries, it is fairly clear that they have no standing to sue on the contract.  <u>Hill v. Sonitrol of Southwestern Ohio, Inc.</u>, 36 Ohio St. 3d 36 (1998).

Plaintiffs argue that <u>Higgins v. International Union Security Police Fire Professionals of America, et al.</u>, 398 F.3d 384 (6th circ. 2005), is distinguishable.  While this is true to the extent that <u>Higgins</u> was a fair representation case, and this is no longer such a case, <u>Higgins</u> remains applicable to the extent it holds that there is no claim where there is no adverse impact.  Despite Plaintiffs  insupportable assertions, there has been no adverse impact here, and Plaintiffs  claims should be dismissed.

Respectfully submitted,

s/James B. Robinson

**JAMES B. ROBINSON    (0023483)**
**KIRCHER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio  45202**
**Phone:        513-381-3525**
**    Fax:        513-381-5665**

-4-

_____Attorney for PACE International Union

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2005, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark J. Byrne, Esq.
Jacobs, Klein man, Seibel & McNally
Attorney for Plaintiffs
2300 Kroger Building
1014 Vine Street
Cincinnati, Ohio   45202

C. J. Schmidt, Esq.
Harold G. Korbee, Esq.
Wood & Lamping, LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202

Michael A. Roberts, Esq.
Graydon, Head & Ritchey
Attorney for Defendant
   International Paper Company
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio   45202

Vincent J. Miraglia, Esq.
International Paper Company
Legal Department
6400 Poplar Avenue
Memphis, TN   38197

Robert J. Hollingsworth, Esq.
Cors & Bassett
Attorney for Defendant Smart Papers, LLC
537 E. Peter Rose Way, Suite 400
Cincinnati, Ohio   45202

> Stanley F. Lechner, Esq.
> Laine S. Posel, Esq.
> Morgan, Lewis & Bockius
> Attorney for Defendant
> Smart Papers, LLC
> 1111 Pennsylvania Avenue, N.W.
> Washington, D.C.   20004

I also certify that I have mailed by United States Postal Service the document to the following non-

CM/EC. participants:

> Ronald Morgan, Esq.
> Morgan & Associates
> 118 South Second Street
> Hamilton, Ohio   45011
>
> Robert I.. Doggett
> Attorney for Defendant
> PACE Local 5-1967
> 6740 Clough Pike, Room 200
> Cincinnati, Ohio   45244
>
> and
>
> W. Carter Younger, Esq.
> McGuire Woods LLP
> Attorney for Defendant
> International Paper Company
> Washington Square
> 1050 Connecticut Avenue, N.W., Suite 1200
> Washington, DC   20036-5317

s/James B. Robinson

**JAMES B. ROBINSON**